

FEB 8 2017

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA      )
                              )
v.                            )      Criminal No. 3:13CR136–HEH
                              )      Civil No: _3:17-CV-121_
RAMOTH JEAN                   )

## MEMORANDUM OPINION
**(Denying Successive § 2255 Motion and Miscellaneous Motions)**

By Memorandum Opinion and Order entered on August 11, 2016, the Court

denied a 28 U.S.C. § 2255 Motion filed by Ramoth Jean. (ECF Nos. 78, 79.) Jean has

noted an appeal; however, he has also filed a number of motions in this Court including a

successive, unauthorized § 2255 Motion ("Successive § 2255 Motion," ECF No. 83).

### A.     Successive § 2255 Motion

Jean states that he brings "this action . . . predicated solely upon the 'clarifying

Amendment 794.'" (*Id.* at 1.) He contends that United States Sentencing Guideline

§ 3B1.2 has been newly amended, and seeks reconsideration of his sentence on this basis.

Jean claims that he is allowed to bring a successive § 2255 motion because the "defect"

he challenges "did not 'ripen' until such time as the (USSC) clarified through

Amendment 794." (*Id.* at 7.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the

jurisdiction of the district courts to hear second or successive applications for federal

habeas corpus relief by prisoners attacking the validity of their convictions and sentences

by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996)



(internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Jean's current motion challenging his sentence falls squarely within the ambit of 28 U.S.C. § 2255(a). The Court has not received permission from the United States Court of Appeals for the Fourth Circuit to entertain Jean's Successive § 2255 Motion. Because the Court has not received authorization from the Fourth Circuit to file the Successive § 2255 Motion, the action (ECF No. 83) will be dismissed for want of jurisdiction. A certificate of appealability will be denied.

Once a defendant is sentenced, the Court has no inherent authority to reconsider the defendant's sentence. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009)). To the extent Jean wishes to file a motion for a reduction in sentence under 18 U.S.C. § 3582, he may not raise challenges to his original sentence in such a motion. *See United States v. Dawkins*, 535 F. App'x 307, 308 (4th Cir. 2013) (explaining that challenges to an original conviction and sentence "are not cognizable in a § 3582 proceeding" (citing *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011))). Motions made by defendants under 18 U.S.C. § 3582 may only raise issues related to retroactive amendments to the United States Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States v. Mann*, 435 F. App'x 254, 255 (4th Cir. 2011.)

2

### B.    Miscellaneous Motions

Jean also requests an evidentiary hearing (ECF No. 82) and asks this Court for appointment of counsel (ECF No. 81) in order to assist him with the evidentiary hearing. Jean fails to explain why the Court should grant him an evidentiary hearing when he has been convicted and sentenced and his § 2255 motion has been denied. Moreover, no constitutional right to have appointed counsel in post-conviction proceedings exists. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). The Court, however, may appoint counsel to a financially eligible person if justice so requires. *See* 18 U.S.C. § 3006A(a)(2)(B). For example, appointment of counsel for an indigent petitioner is appropriate in a 28 U.S.C. § 2255 action when necessary for utilization of discovery procedures or when an evidentiary hearing is required. *See* Rules Governing Section 2255 Proceedings for the U.S. District Courts, Rules 6(a) and 8(c). Upon review of Jean's motion, the Court concludes that the interests of justice do not require the appointment of counsel at this juncture. Accordingly, the request for appointment of counsel (ECF No. 81) will be denied without prejudice. The request for an evidentiary hearing (ECF No. 82) will be denied.

To the extent that Jean requests this Court to reconsider its denial of a certificate of appealability with respect to his first § 2255 motion, he should file such a challenge with the United States Court of Appeals for the Fourth Circuit. Local Rule for the United States Court of Appeals for the Fourth Circuit 22(a)(1)(A) contemplates that review of a district court's denial of a certificate of appealability should be directed to the Fourth

3

Circuit not the district court. 4th Cir. Loc. R. 22(a)(1)(A) (when "the district court has

not granted a certificate of appealability . . . appellant may submit a request for a

certificate with the Court of Appeals specifying the issues on which the appellant seeks

authorization to appeal and giving a statement of the reasons why a certificate should be

issued"). Accordingly, the Motion Seeking a Certificate of Appealability and Extension

(ECF No. 80) will be denied.[1]

       An appropriate Order shall issue.

                                          /s/

                                 HENRY E. HUDSON

Date: Feb 8 2017                UNITED STATES DISTRICT JUDGE

Richmond, Virginia

---

[1] Jean seeks an extension of time under Federal Rule of Appellate Procedure 26 "in which to file his memorandum and [b]rief in support of why this court should issue a (COA)." (ECF No. 80, at 2.) As discussed above, Jean must file any request for reconsideration of this Court's denial of a certificate of appealability to the Fourth Circuit.